UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NIRMIN ELBA,**

    **Plaintiff,**

    v.                      Case Number 2:23-cv-4108
                              JUDGE EDMUND A. SARGUS, JR.
**MAC'S CONVENIENCE STORES,**    Magistrate Judge Elizabeth P. Deavers
**LLC, D/B/A CIRCLE K,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on a Motion for Reconsideration filed by Defendant Mac's Convenience Stores, LLC, d/b/a Circle K. (ECF No. 40.) Plaintiff Nirmin Elba responded in opposition (ECF No. 41) and Defendant replied in support (ECF No. 42). For the reasons stated below, the Court **DENIES** Defendant's Motion for Reconsideration. (ECF No. 40.)

## BACKGROUND

In September 2025, this Court issued an Opinion and Order granting in part and denying in part Defendant's Motion for Summary Judgment. (ECF No. 38.) The Court considered Defendant's statute of limitations defense and explained that it could not conclude as a matter of law that Plaintiff's state-law wage discrimination claim arising out of Plaintiff's employment with Defendant as a Category Manager from 2010 to 2015 was untimely and barred by the statute of limitations. (*Id.* PageID 672–75.) Defendant now moves this Court to reconsider that finding pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 40.)

## ANALYSIS

Rule 59(e) applies to judgments and final orders, which end the litigation in the district court. Fed. R. Civ. P. 59(e); *Howard v. Onion*, No. 1:20-cv-02802, 2024 WL 1765581, at *1

(N.D. Ohio Apr. 24, 2024) (citing *Keith v. Bobby*, 618 F.3d 594, 597, 598 (6th Cir. 2010)). Defendant moves this Court to reconsider its Opinion and Order granting in part and denying in part Defendant's Motion for Summary Judgment, which is not a final order or judgment. Therefore, Rule 59(e) is inapplicable here. *See CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 n.10 (6th Cir. 2008); *Blair v. Bd. of Trs. of Sugarcreek Twp.*, No. 3:07-cv-056, 2008 WL 4372665, at *2 (S.D. Ohio Sep. 22, 2008) (Rose, J.).

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The Sixth Circuit has set forth three circumstances under which courts may reconsider interlocutory orders: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959). A motion for reconsideration, however, is "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) (Marbley, J.).

Here, Defendant does not claim that that an intervening change in controlling law has occurred or that new evidence is available. Instead, Defendant repeats an argument from its Motion for Summary Judgment—namely, that Plaintiff's state-law wage discrimination claim is time-barred. (ECF No. 23, PageID 146, 149–50 (advancing this argument in Motion for Summary Judgment); ECF No. 40 (advancing this argument in Motion for Reconsideration).) The Court carefully considered and rejected this argument (ECF No. 38, PageID 672–75), and

Defendant has not demonstrated that the Court's ruling involves a clear error or results in manifest injustice.

In its Motion for Reconsideration, Defendant (1) attempts to distinguish cases cited by the Court, (2) re-argues that Plaintiff's promotion prevents her from recovering for wage discrimination in her role as Category Manager, and (3) states that the Court's holding places a burden on Defendant with respect to presenting a defense because several years have elapsed since Plaintiff worked as a Category Manager. (ECF No. 40.) These arguments are essentially an attempt to re-litigate an issue previously considered by the Court and, therefore, do not justify granting Defendant's Motion for Reconsideration.

Defendant also claims that the Court's Opinion and Order is "internally inconsistent," arguing that "[i]f Plaintiff cannot recover for alleged pay disparity in connection with a role prior to 2010 because she no longer occupies the role and had not for many years prior to filing suit, she should similarly not be permitted to recover for alleged pay disparity for the Category Manager job she occupied from 2010 to 2015." (*Id.* PageID 710–711.) This argument misconstrues the Court's decision. The Court allowed Plaintiff to pursue a wage discrimination claim based on her Category Manager position from 2010 to 2015 because Plaintiff offered evidence of unequal pay during that time; conversely, the Court did not allow Plaintiff to pursue a wage discrimination claim based on her Market Manager role before 2010 because there was no evidence that Plaintiff received unequal pay during that time, which is consistent reasoning. (ECF No. 38, PageID 673–75.)

In sum, Defendant has not satisfied any of the stringent requirements for reconsideration.

## CONCLUSION

For the reasons above, the Court **DENIES** (ECF No. 40) Defendant's Motion for Reconsideration.

This case remains open.

**IT IS SO ORDERED.**

**2/3/2026**                                                  **s/Edmund A. Sargus, Jr.**
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**